

WILL OF

**PAUL F. M. SHAVER III**

May _24_, 2002

Frank P. Meadows, Jr.
Of Counsel
Rocky Mount, NC 27802-0353

POYNER&SPRUILL L.L.P.
ATTORNEYS AT LAW

Case 2:20-cv-00010-FL    Document 28-1    Filed 04/15/20    Page 1 of 9

# WILL OF PAUL F. M. SHAVER III

I, **PAUL F. M. SHAVER III**, a resident of Nags Head, Dare County, North Carolina, declare this to be my Will, and I hereby revoke any prior wills and codicils made by me. This Will is in four parts. Part 1 contains the provisions which deal with the disposition of my estate. Part 2 names the persons or institutions who will administer my estate. Part 3 sets forth certain provisions governing that administration, and Part 4 defines certain terms used in the rest of the instrument.

## PART 1 - DISPOSITION OF PROPERTY

1.1     <u>Payment of Debts and Expenses</u>. I direct that my funeral expenses (including the cost of a suitable marker for my grave or the cost of my cremation), the costs of administering my estate, and all legal debts allowed as claims against my estate (including any unpaid charitable pledges whether or not such pledges are legally enforceable but not including any debt secured by mortgage or deed of trust on any real property) be paid out of the assets of my estate as soon as practicable after my death.

1.2     <u>Payment of Taxes</u>. I direct that all estate, inheritance, transfer, or other taxes (including any interest and penalties on any such taxes and including any generation-skipping transfer taxes on direct skips) imposed by reason of my death upon property passing under or outside this Will, excluding any life insurance proceeds and employee benefit or individual retirement accounts, be paid out of the principal of my residuary estate, without apportionment. If any such taxes (including any interest and penalties thereon) are imposed upon life insurance included in my gross estate, my Executor shall recover such taxes as provided by law to the extent that such taxes are not otherwise paid out of such life insurance. My executor shall have

the authority to require the distribution of sums in excess of the required minimum distributions from employee benefit or individual retirement accounts for the payment of such taxes together with any income tax payable on such excess distribution (including any interest and penalties thereon), and such distributions shall be applied to the payment of the taxes, interest, and penalties. If any such taxes (including any interest and penalties thereon) are imposed upon property included in my gross estate over which I have a power of appointment, my Executor shall recover such taxes as provided by law to the extent that such taxes are not otherwise paid out of such property.

1.3. <u>Bequest of Tangible Personal Property</u>. I give to SARAH MORRIS power to distribute all of my Tangible Personal Property that is not designated in the trust referred to in Section 1.4 to such persons and in such proportions and appropriateness, including herself, as she in her uncontrolled discretion shall determine.

1.4 <u>Residue</u>. The residue of my estate, I give to the PAUL F. M. SHAVER III TRUST created by an Agreement of even date herewith but executed prior to the execution of this Will by me as Grantor and by JULIA LEE, SARAH MORRIS, and LEONARD BENNETT as Trustees, to be held, managed, administered, and distributed in accordance with the directions and provisions of that trust.

With regard to any real property passing under this Section 1.4 to the Trustees (or any successor trustee) hereinabove referred to, said Trustees (and any successor trustee) has been granted, under the terms of said Trust Agreement, those powers set forth in North Carolina General Statutes, Section 32-27 (except power numbered 29) and, in addition, the power to sell any assets of any trust created under said Trust Agreement to the beneficiaries thereof, to any member of my family, or to itself as trustee or personal representative of any other trust or estate

Case 2:20-cv-00010-FL     Document 28-1     Filed 04/15/20     Page 3 of 9

at the fair market value thereof; to purchase assets at the fair market value thereof from any member of my family, from any other trust or estate, or from the beneficiaries thereof, for any trust created under said Trust Agreement; and to lend money to such other trusts or estates, to the beneficiaries thereof, or to any member of my family at rates of interest and upon security determined by the Trustees to be fair and adequate; provided, however, I or my issue are the respective grantors or decedents of such other trusts or estates. Although said Trust Agreement may not appear of record in the Office of the Register of Deeds of any county in the State of North Carolina, or elsewhere, strangers to said Trust Agreement, and purchasers of any assets, including real estate, passing to said Trustees under the terms of this Will or otherwise shall be protected in acting in accordance with the notification contained herein as to said Trustees' powers and authority, and shall not be required to verify the fulfillment by said Trustees of the conditions on exercising the powers described in this Section 1.4.

## PART 2 - FIDUCIARIES

2.1     <u>Executors</u>.  I appoint SARAH MORRIS and JULIA LEE as Executors under this Will, to serve without bond and without compensation.  If either individual for any reason fails to serve or ceases to act, then DEBBIE J. BURGESS, shall act as Co-Executor, without bond and with reasonable compensation.  If both initially named individuals for any reason fail to serve or cease to act, then the successor, shall act as Executrix, without bond and with reasonable compensation.

2.2     <u>Foreign Administrations</u>.    If the administration of any part of my estate is necessary in a jurisdiction in which one or more of my Executors are unable to act, I authorize the disqualified Executor to nominate and appoint one or more individuals or a corporate

personal representative (including any individual or corporate Executor named herein) to act in such jurisdiction, to serve there without bond. In the event an individual or corporate ancillary personal representative is so appointed, the Executor who has made such appointment shall retain the power to remove and replace such ancillary personal representative from time to time as it deems necessary.

## PART 3 - ADMINISTRATIVE PROVISIONS

3.1 <u>Powers</u>. In addition to, and not in substitution of, the powers conferred by General Statutes Section 28A-13-3(a), the powers enumerated in General Statutes Section 32-27 are incorporated by reference and granted to my Executor, subject to the restrictions of General Statutes Section 32-26(b); provided, however, that the provisions of General Statutes Section 32-27(29) are expressly not incorporated herein, and the provisions of General Statutes Section 28A-13-3(a)(18) shall not apply to my Executor. In addition to these powers, and not in limitation thereof, the following specific powers are granted to my Executor and may be exercised without any adjustment of the resulting value of the interest of any beneficiary or any adjustment between principal and income:

3.1.1 <u>Allocation</u>. To determine, irrespective of statute or rule of law, what items shall be fairly and equitably charged or credited to income and what items to principal, and to so allocate or apportion receipts and expenditures, regardless of whether such items are charged or credited to income and principal as provided in Chapter 37 of the General Statutes; and to determine whether to establish depreciation or amortization reserves.

3.1.2 <u>Distributions</u>. To make distributions in cash or in specific property, or in an undivided interest therein, or partly in cash and partly in property, and in installments

or at one time, and to do so without regard to the income tax basis of specific property allocated to any beneficiary (including any trust) and without making pro rata distributions of specific assets; provided, however, each asset distributed in kind shall be valued at its date or dates of distribution value.

  3.1.3 <u>Optional Deductions</u>. To exercise those statutory elections to claim administration, medical, or other expenses either as death or income tax deductions which appear to cause the lowest combined federal and state death and income taxes.

  3.1.4 <u>Optional Valuation</u>. To use those available optional valuation dates for death tax purposes which appear to cause the lowest combined federal and state death and income taxes, including potential capital gains tax which might be incurred during the administration of my estate, to the extent allowed by law.

  3.1.5 <u>Sale of Real Estate</u>. To take possession, custody, or control of, and to sell, lease, or mortgage, any real estate or interest therein, whether title to such real estate or interest is vested in my Executor or whether my Executor determines that it is in the best interest of the administration of my estate to obtain money for the payment of debts and other claims against my estate, by public or private sale, at such times and upon such terms and conditions as my Executor may deem best, without the necessity of obtaining the approval or authorization of any court.

  3.1.6 <u>Facility of Payments</u>. To make distributions directly to any beneficiary under this Will, or to such beneficiary's legal guardian, or to otherwise pay to or apply for the use or benefit of such beneficiary any income or principal distribution as my Executor deems necessary or advisable.

Case 2:20-cv-00010-FL  Document 28-1  Filed 04/15/20  Page 6 of 9

3.1.7 <u>Transactions Between Related Entities</u>. To sell any assets of my estate to the beneficiaries thereof, or to itself as Fiduciary of any other trust or estate at the fair market value thereof; to purchase assets from any other trust or estate, or from the beneficiaries thereof for my estate at the fair market value thereof; and to lend money to such other trusts or estates, or to the beneficiaries thereof, at rates of interest and upon security determined by my Executor to be fair and adequate; provided, however that I or the beneficiaries of any trust created by me are the respective grantors or decedents of such other trusts or estates, specifically including, without limitation, the PAUL F. M. SHAVER III TRUST referred to under Section 1.4, above.

3.2 <u>Several Executors</u>. In the exercise of any power granted under this Will, my Executors shall act unanimously; provided, however, any Executor shall have the authority to delegate to any other Executor the power to perform purely ministerial acts in the administration of my estate.

3.3 <u>Spendthrift Clause</u>. To the extent permitted by law, none of the beneficiaries under this Will shall have any power to dispose of or to charge, by way of anticipation or otherwise, any interest given to such beneficiary. All sums payable to any beneficiary shall be free and clear of debts, contracts, alienations, and anticipations of such beneficiary, and all liabilities for levies, attachments, and proceedings of any kind, at law or in equity, and, in the case of a married person, free from the control of such beneficiary's spouse.

PART 4 - DEFINITIONS

4.1 <u>Gender</u>. The neuter gender shall include the masculine and the feminine, the masculine gender shall include the feminine, and the feminine gender shall include the masculine, as the context may require.

Case 2:20-cv-00010-FL    Document 28-1    Filed 04/15/20    Page 7 of 9

4.2    <u>Number</u>. The singular number shall include the plural, and the plural number shall include the singular, as the context may require.

4.3    <u>Child, Children, Issue</u>. The term "children" or "named children" shall mean KIM CARRITHERS and LEONARD BENNETT, the term "child" shall mean either of them, and the term "issue" shall mean my named children and their lineal descendants (whether born or adopted before or after the date of this Will). The terms "child" and "children" shall also include any child of mine born or adopted after the date of this Will, and the term "issue" shall also include such children and their lineal descendants (whether born or adopted before or after the date of this Will).

4.4    <u>Code, General Statutes</u>. The term "Code" shall mean the Internal Revenue Code of 1986, as amended from time to time, and the term "General Statutes" shall mean the General Statutes of North Carolina, as amended from time to time.

I, PAUL F. M. SHAVER III, the testator, sign my name to this instrument this _24_ day of May, 2002, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my last will and that I sign it willingly (or willingly directly another to sign it for me), that I execute it as my free and voluntary act for the purposes therein expressed, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

_____
PAUL F. M. SHAVER III, Testator

We, _Becky H. Story_, _Rose A. Figura_, and _Sara A. Hoadley_, the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that the testator signs and executes this instrument as his last will and that he signs it willingly (or willingly directs another to sign it for him), and that each of us in the presence and hearing of the testator, hereby signs this will as witness to the testator's signing, and that to the best of our knowledge the testator is eighteen years of age or older, of sound mind, and under no constraint or undue influence.

_____
Witness

_____
Witness

_____
Witness

STATE OF NORTH CAROLINA

COUNTY OF _Dare_

Subscribed, sworn to and acknowledged before me by PAUL F. M. SHAVER III, the testator, and subscribed and sworn to before me by _Becky H. Story_, _Rose A. Figura_, and _Sara A. Hoadley_, witnesses, this the _24th_ day of _May_, 2002.

_____
Notary Public

(Notary Seal)

My Commission Expires: _July 23, 2006_